J-S18019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| Z.M.B. | : | |
| Appellant | : | No. 1564 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 1, 2021
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-SA-0000009-2021

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: SEPTEMBER 6, 2022**

Z.M.B., a juvenile, appeals from the judgment of sentence entered following his conviction for the summary offense of disorderly conduct.[1] He challenges the sufficiency of the evidence. We affirm.

In March 2021, Z.M.B. received a summons for a summary case following an incident at Central Mountain Middle School. The case proceeded to a summary trial. The trial court set forth the following facts:

> 1. On March 8, 2021, Heather Boyle, a teacher at the Central Mountain Middle School located in Mill Hall, Clinton County, Pennsylvania, was present for work and attending to her assigned duties.
>
> 2. At approximately noon on the afore-mentioned date, Ms. Boyle was in the hallway near her classroom monitoring student movement between classes and lunch.

---

[1] 18 Pa.C.S.A. § 5503(a).

3. [Z.M.B.] proceeded past Ms. Boyle while she was located in the hallway and stated to her "Ms. Boyle, don't look at me like that".

4. Ms. Boyle did not respond.

5. As [Z.M.B.] moved past, he continued to state "Or I'll slap the fuck off of your face".

6. [Z.M.B.] made the comments to the teacher in the hallway when other students were moving from class to lunch or class to class.

7. At the time [Z.M.B.] made the comment to Ms. Boyle, the hallway was occupied by numerous other students.

8. [Z.M.B.] is considerably larger in stature than Ms. Boyle.

9. Ms. Boyle was shocked and experienced a wave of fear upon hearing the comment.

Trial Court Opinion ("1925(a) Op."), Dec. 28, 2021, at 2.

The trial court found Z.M.B. guilty of the summary offense of disorderly conduct. It sentenced him to 90 days' probation and ordered that he pay a fine and perform 25 hours of community service. Z.M.B. appealed.

Z.M.B. raises the following issue:

Whether the evidence presented at Trial was insufficient to support [Z.M.B.'s] conviction for Disorderly Conduct, 18 Pa.C.S.A. § 5503(a)(1), since the Commonwealth failed to prove, beyond a reasonable doubt, that [Z.M.B.] committed any acts with the specific intent to cause public inconvenience, annoyance or alarm, or that he recklessly created an unjustifiable risk of public disturbance?

Z.M.B.'s Br. at 4.[2]

Z.M.B. argues that the evidence was insufficient to establish his "single statement was made with the specific intent to cause public inconvenience,

_____

[2] The Commonwealth did not file an appellate brief.

annoyance or alarm, or that he recklessly created an unjustifiable risk of public disturbance." Z.M.B.'s Br. at 7. He claims the statement was "fleeting" and "unremarkable." *Id.* Further, he claims that although the comment was disrespectful, and should have resulted in administrative discipline from the school, it did not deserve a criminal conviction. He maintains the trial court did not find that he acted intentionally, but rather that he recklessly created a risk of public inconvenience, annoyance, or alarm. He claims this case is distinguishable from cases where an argument between two or three people has been found to create a risk of public disturbance by claiming the "incident lasted mere second, and [Z.M.B.] did not make any threatening gestures, did not have any physical contact with Ms. Boyle, and continued walking in the other direction." *Id.* at 11-12. He points out that Ms. Boyle did not call out or say anything to him, choosing to proceed to the principal's office, and that she did not observe any disturbance caused by the remark. *Id.* at 12.

When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." *Commonwealth v. Feliciano*, 67 A.3d 19, 23 (Pa.Super. 2013) *(en banc)* (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." *Id.* (citation

omitted). Our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Neysmith***, 192 A.3d 184, 189 (Pa.Super. 2018).

A person is guilty of disorderly conduct if, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S.A. § 5503(a)(1). "Public" is defined as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public." ***Id.*** at § 5503(c). "Section 5503 as a whole is aimed at preventing public disturbance, [and] it accomplishes this aim by focusing upon certain individual acts, which, if pursued with the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, constitute the offense of disorderly conduct." ***Commonwealth v. Fedorek***, 946 A.2d 93, 100 (Pa. 2008) (emphasis omitted). If someone engages in fighting or makes threats in a public arena, even if the conduct is directed at only one other person, the person may be subject to conviction for disorderly conduct. ***Id.***

Here, the trial court explained that the evidence was sufficient to establish reckless conduct:

> In the instant matter, the evidence is sufficient for this Court to conclude that [Z.M.B.'s] conduct was reckless. [Z.M.B.] consciously disregarded a substantial and justifiable risk that the public (other students and teachers in the school) would be annoyed or alarmed as a result of his comment.

This Court also considered the environment where the conduct occurred. The remarks to the teacher, which this Court considered to be in the nature of an alleged assault and harassing, were made in the occupied hallway of a school.

When considering the level of school violence our society has been exposed to, it is clear that [Z.M.B.] engaged in conduct or acted in a manner that constituted a gross deviation from the standard of conduct that a reasonable person would observe in his situation.

1925(a) Op. at 3-4.

We agree with the trial court that the evidence supported the conviction. Although Z.M.B. directed his threatening comments toward one person, they were in a school hallway where numerous students were walking, and the threatening comments toward a teacher recklessly created a risk of public inconvenience, annoyance, or alarm. That a disturbance did not follow is irrelevant. Rather, the Commonwealth was required to prove that the conduct recklessly created a risk of the disturbance, which it did here.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/06/2022

- 5 -